UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAK AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1579MLM |
| | ) |
| G.C. EVANS SALES & MFG. CO., INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court is the Consolidated Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and for Lack of Jurisdiction Over the Person filed by Defendant G.C. Evans & Mfg. Co., Inc. ("Defendant"). Doc. 38. Plaintiff MAK Automation, Inc. ("Plaintiff") filed a Response. Doc. 43. Defendant filed a Reply. Doc. 45. Plaintiff filed a Sur Reply. Doc. 48. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

**BACKGROUND**

Plaintiff alleges in its Complaint that it is a Missouri corporation with its principle place of business in Chesterfield, Missouri; that Defendant is an Arkansas corporation with its principle place of business in Little Rock, Arkansas; that Defendant conducts substantial and systematic business in Missouri; that Defendant is subject to the jurisdiction and laws of Missouri pursuant to Mo. Rev. Stat. § 407.914; and that this court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332 as diversity exists between the parties and as the amount in controversy exceeds

$75,000, exclusive of interest and costs. Plaintiff seeks damages for breach of contract and for payment of commissions.

In particular Plaintiff alleges that Plaintiff and Defendant were parties to a commission sales agreement and that Defendant owes payment to Plaintiff for ten per cent commission on a November 2005 sale of approximately $380,000,000 for equipment sold to Whitlock Packaging Co. ("Whitlock") for its Warton, New Jersey facility.[1] Plaintiff contends that it is entitled to the sales commissions pursuant to Mo. Rev. Stat. § 407.912.[2] Plaintiff also alleges that pursuant to Mo. Rev. Stat. §407.913[3] Defendant is liable to Plaintiff for actual damages sustained by Plaintiff plus an

---

[1] In its Complaint Plaintiff alleged that it was also owed commissions for an additional sale of equipment to Whitlock at an undesignated location. Doc. 1, ¶ 11. Pursuant to discovery Plaintiff admits that no sales took place for which Defendant owes Plaintiff commissions other than the Warton sale.

[2] Mo. Rev. Stat. § 407.912 provides, in relevant part:

2. Nothing in sections 407.911 to 407.915 shall be construed to impair a sales representative from collecting commissions on products or services ordered prior to the termination of the contract between the principal and the sales representative but delivered and accepted by the purchaser after such termination.

3. When the contract between a sales representative and a principal is terminated, all commissions then due shall be paid within thirty days of such termination. Any and all commissions which become due after the date of such termination shall be paid within thirty days of becoming due.

[3] Mo. Rev. Stat. § 407.913 provides:

Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. In addition the court may award reasonable attorney's fees and costs to the prevailing party.

2

additional amount as if Plaintiff were still earning commissions calculated on an annualized pro-rata basis from the date of termination of the commission sales agreement to the date of payment of commissions owed. Plaintiff further alleges that it is entitled to attorneys' fees pursuant to Mo. Rev. Stat. §407.913. Defendant does not deny that November 2005 sale to Whitlock took place but denies that it owes Plaintiff for commissions and/or attorneys' fees as a result of this sale.

According to testimony at a hearing held before this court on January 10, 2008, Defendant manufactures packaging equipment for the food and bottling industry, specifically including cooling tunnels and bottle and can warmers. In 2002 Defendant rebuilt a cooling tunnel for Truesdale Coca-Cola North America ("Truesdale") in Warrenton, Missouri. Defendant's employees were present at Truesdale's Warrenton plant for the rebuilding of this cooling tunnel. In 2006 Defendant sold equipment valued at approximately $600,000 to Truesdale for its Warrenton, Missouri, plant. At least one employee of Defendant was involved in the installation of this equipment in Warrenton, Missouri. An Invoice dated August 18, 2006, reflects that Defendant provided $45,722.06 worth of spare parts for Truesdale's Warrenton plant. Also, in the 1990's Defendant sold equipment for the Warrenton plant.

Additionally, in 2004 Defendant sold equipment to Van Pak, in St. Louis, Missouri, which in turn sold the equipment to Cott Beverages in Sikeston, Missouri. In 2005 Pepsi America ("Pepsi") purchased a trash removal system from Defendant for its Kansas City, Missouri, plant. The total price of equipment and installation for this trash removal system was $54,400. In 2002 or 2003 Defendant was paid $15,000 by Pepsi for refurbishing equipment at its St. Louis, Missouri, plant and in about 1993 it sold equipment to Pepsi for its St. Louis plant.

From February 2005 until July 2006 Plaintiff's president, Terry Kuc, solicited approximately

3

ten customers for Defendant in Missouri, including Boulevard Brewing in Kansas City, Missouri.[4] Defendant provided Mr. Kuc with a proposal/quote based on specifications provided by Mr. Kuc for Boulevard Brewing. The only sale which came to fruition as a result of Mr. Kuc's efforts was the sale of $600,000 worth of equipment to Truesdale described above.

Defendant contends that the Complaint should be dismissed because this court lacks personal jurisdiction, because exercising personal jurisdiction over Defendant would violate the Due Process Clause of the Fourteenth Amendment, and because Plaintiff does not satisfy the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). Plaintiff refutes Defendant's allegations and contends that in any event Defendant has waived any objection to personal jurisdiction.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007).

---

[4] Mr. Kuc testified that there are approximately ten companies in Missouri which would be qualified potential customers for Defendant and that he made sales solicitations to each of these companies.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic, 127 S. Ct. at 1964-65.

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## LEGAL FRAMEWORK AND DISCUSSION

**A. Waiver of Personal Jurisdiction:**

By its conduct a party may waive objections to personal jurisdiction. Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990); Van Praag v. Columbia Classics Co., 849 F.2d 1106, 1109 (8th Cir. 1988) (citing Floyd v. Kellogg Sales Co., 841 F.2d 226 (8th Cir. 1988)). An objection to personal jurisdiction may be waived by not asserting it in a timely manner. Knowlton, 900 F.2d at 1199. Additionally, a defendant "may submit to the jurisdiction of the court by appearance." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).

In particular, "[b]y submitting extensive memoranda to the district court" a defendant waives its right to contest personal jurisdiction. DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1176 (8th Cir. 1995). The passage of time is a relevant factor for the court to consider whether a defendant has waived personal jurisdiction. See Knowlton, 900 F.2d at 1199 ("Objections to jurisdiction over the person may be waived, either expressly or by not asserting them in a timely manner."). A defendant may make a limited or special appearance for purposes of contesting personal jurisdiction. See Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 347 (8th Cir. 1988). "If the appearing party requests relief or discloses a purpose that goes beyond challenging the jurisdiction of the court over the subject matter or the parties, the appearance will be considered general, and all jurisdictional challenges will be deemed waived." Id.

A history of this case reflects that Defendant did assert in its Answer that this court does not have personal jurisdiction. In a Motion for Partial Summary Judgment Defendant alleged that Missouri law cannot be applied to this case. In support of this argument Defendant alleged that Missouri has no contacts with the parties' underlying dispute. Defendant did not, however, file a dispositive motion based on an absence of personal jurisdiction until this matter had been pending for approximately nine months nor did Defendant make a special appearance to challenge the court's jurisdiction. See Knowlton, 900 F.2d at 1199. During the intervening months from the date the Complaint was filed, October 27, 2006, and the date Defendant filed the pending motion, November 7, 2007, Defendant's respective counsel entered their appearances without indicating that they were for the limited purpose of contesting personal jurisdiction. See Insurance Corp, 456 U.S. 694; Nationwide, 837 F.2d at 347. Additionally, Defendant availed itself of the court's procedures by filing documents and participating in court proceedings. See DeBoer, 64 F.3d at 1176. This conduct

included, among other things, participating in a Rule 16 Conference, serving interrogatories and document requests on Plaintiff, serving notices of depositions on Defendant and a third party witness, conducting a deposition of a third party witness, participating in court ordered mediation, filing a motion to extend discovery deadlines, and filing a motion to amend the Case Management Order. See Docket Sheet. The court finds, therefore, that Defendant has by its conduct waived any objections which it might have to personal jurisdiction. See Knowlton, 900 F.2d at 1199; Van Praag, 849 F.2d at 1109.

**B.     General Jurisdiction:**

The Supreme Court has established two theories for asserting personal jurisdiction over a non-resident defendant, general and specific jurisdiction. Dever v. Henzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)). This court has previously found that it does not have specific jurisdiction over Defendant. Doc. 50. The court conducted a hearing at which testimony was presented regarding the issue of general jurisdiction. Although the court has found above that Defendant has waived any objections which it might have to personal jurisdiction, the court will, alternatively, consider whether it has general jurisdiction over defendant.

General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Sondergard v. Miles, 985 F.2d 1389, 1392 (8th Cir. 1993). "Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." Dever, 380 F.3d at 1073

7

(quoting Helicopteros, 466 U.S. at 415-16). Where a defendant has continuous and systematic contacts with the forum state, "jurisdiction over [the defendant] exists under the old rubric of physical power or sovereignty." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990) (citing Perkins v. Benguet Consol. Min. Co., 342 U.S. 437 (1952)).

Nonetheless, an assertion of general jurisdiction is subject to the Due Process Clause. Knowlton, 900 F.2d at 1199 (citing Helicopteros, 466 U.S. at 414 n.9). "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state.'" Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (internal citation omitted)). The minimum contacts requisite for due process are established where "'maintenance of the suit [in the forum state] does not offend traditional notions of fair play and substantial justice.'" Clune v. Alimak AB, 233 F.3d 538 541-42 (8th Cir. 2000) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). See also Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921(8th Cir. 1995); Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1002 (8th Cir. 1988) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (holding that a defendant must purposefully establish minimum contacts with Missouri so that the exercise of personal jurisdiction comports with fair play and substantial justice)). To comport with the "fair play and substantial justice" element of due process a defendant's contacts must be more than "random, fortuitous or attenuated." Bell Paper, 53 F.3d at 921 (quoting Burger King, 471 U.S. at 476). The defendant "must have purposefully availed itself of 'the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law.'" Id. at 922 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). A court must carefully consider the facts of each case to assess the nature of the contacts between the defendant and the forum state. Bell Paper, 53 F.3d

8

at 921.

Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, provides, in relevant part:

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within the state;

(2) The making of any contract within this state;[5]

The Eighth Circuit has noted, in regard to a general jurisdiction inquiry, that:

Missouri courts have interpreted the phrase "present and conducting substantial business" to mean that jurisdiction will be established if a non-resident corporation has "substantial" and "continuous" contacts with the State of Missouri. Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (Mo.Ct.App.2001) [other citations omitted]. This is identical to the federal due process requirements. See Int'l Shoe, 326 U.S. at 318, 66 S.Ct. 154 [other citations omitted].

Having determined that Missouri courts have authorized general jurisdiction, we must now determine if a Missouri court would apply the doctrine in this case. Generally, Missouri courts - like most courts - are hesitant to "exercise general jurisdiction over non-resident defendants." Sloan-Roberts, 44 S.W.3d at 410; see also Davis v. Baylor Univ., 976 S.W.2d 5, 7-8 (Mo. Ct. App.1998).

Lakin, 348 F.3d at 707-708.

---

[5] The Eighth Circuit has addressed whether the Missouri long-arm statute comports with the due process clause and has held that:

[W]hen the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution 1970 (en banc).

Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000).

When a defendant challenges the existence of general personal jurisdiction a plaintiff cannot rest on conclusory allegations in its complaint to establish minimum contacts. Rather, a plaintiff must make a prima facie showing that the defendant had "'continuous and systematic' contacts with the forum state." Dever, 380 F.3d at 1074. (emphasis added). In regard to general jurisdiction, upon considering a defendant's business contacts, the Eighth Circuit has noted that "Missouri courts have not commented on whether percentages of a non-resident corporation's total business in a forum state should be given special consideration in this determination." Lakin, 348 F.3d at 708. In Lakin, 348 F.3d at 709, the Eighth Circuit concluded that *the focus should be on whether a defendant's activity in the forum state is "continuous and systematic"* and that *the relevant inquiry is "whether the company's contacts are substantial for the forum."* (emphasis added) (citing Helicopteros, 466 U.S. at 414) (other citation omitted).

In the matter under consideration the record establishes that Defendant sold equipment for the Warrenton plant in the 1990's; that Defendant sold approximately $600,000 worth of equipment in 2005 and $45,722.06 worth of spare parts in 2006 to Truesdale for the Warrenton plant; that Defendant's employees have been present in Missouri for the purpose of installation and rebuilding of equipment; that Defendant has sold equipment to Cott Beverages and Pepsi Cola for their Missouri plants; and that in 2005 or 2006 Defendant provided a quote for the sale of its equipment to Boulevard Brewing of Kansas City, Missouri, although this potential customer did not purchase the equipment quoted. As such, the court finds that Plaintiff has met its burden to show that Defendant has had *substantial contacts* with Missouri; that Defendant's contacts with Missouri have been *continuous and systematic*; and that, therefore, asserting general jurisdiction over Defendant in Missouri would comport with the requirements of due process. See Knowlton, 900 F.2d at 1199; Dever, 380 F.3d at

10

1074; Lakin, 348 F.3d at 708. The court finds, therefore, in the alternative, that this court has general jurisdiction over Plaintiff.

**C.     Subject Matter Jurisdiction:**

28 U.S.C. § 1332(a) provides, in relevant part, that where a party invokes federal jurisdiction based on diversity of citizenship, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Subject matter jurisdiction cannot be waived. Sadler v. Green Tree Servicing, LLC, 466 F.3d 623 (8th Cir. 2006).

Defendant contends that Plaintiff has not met its burden to establish the requisite jurisdictional amount of $75,000. "[T]he party invoking federal jurisdiction," in this case Plaintiff, "has the burden of proving the requisite amount by a preponderance of the evidence." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007) (citing Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005)). "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir.1994) (internal quotations and citations omitted).

Plaintiff seeks a sales commission in the amount of $38,000 for a sale which Defendant acknowledges took place although Defendant denies that Plaintiff is entitled to a commission on that sale. Additionally, Plaintiff seeks attorneys' fees and additional commissions based on Mo. Rev. Stat. § 407.913. This statute provides for statutory attorneys' fees where a Plaintiff is seeking unpaid commissions. See n.3, above. Plaintiff has provided an affidavit from its attorney stating that it had incurred, as of the date of the affidavit, $55,938 in attorneys' fees resulting from its dispute over

11

commissions with Defendant and that it will incur further attorneys' fees in the future as this litigation proceeds. Statutory attorney's fees count toward the jurisdictional amount. Rasmussen, 410 F.3d at 1031 (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Defendant contends that § 407.913 only provides for attorneys' fees up to the date suit is filed. The court finds that the authority Defendant submits in this regard is unpersuasive as this authority does not address the specific provision of § 407.913 for attorneys' fees. This statute provides for reasonable attorneys' fees incurred as a result of unpaid commissions and does not limit those fees to those incurred prior to filing suit; to do so would be to defeat the statute's intended purpose. As the total amount of commission which Plaintiff seeks, $38,000 together with the statutory attorneys' fees which Plaintiff has incurred, $55,938, exceeds $75,000, the court finds that Plaintiff has met its burden of proving the requisite jurisdictional amount by a preponderance of the evidence. See OnePoint, 486 F.3d at 347. The court, therefore, need not consider the extent to which Plaintiff is entitled under § 407.913 to recover future commissions in order to determine whether Plaintiff has met its burden to establish subject matter jurisdiction.[6]

## CONCLUSION

For the reasons more fully set forth above the court finds that Defendant has waived its right to contest personal jurisdiction; that, alternatively, this court has general jurisdiction; that Plaintiff has met its burden to establish the requisite jurisdictional amount of $75,000; and that, therefore, this court has personal and subject matter jurisdiction in the matter under consideration. The court further finds

---

[6] The court notes that it is disputed as to whether the parties had a contract/agreement. The extent to which Plaintiff is entitled to recover under §§ 407.912 and 407.913, if at all, cannot be determined until the finder of fact determines whether or not the parties had a contract/agreement. See McKay v. WilTel Commc'n Sys. Inc., 87 F.3d 970, 975 (8th Cir. 1996)

that Defendant's Motion to Dismiss should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant G.C. Evans Sales and Mfg. Co., Inc., is **DENIED**. Doc. 38.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 18th day of January, 2008.