# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAK AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1579MLM |
| ) | |
| G. C. EVANS SALES & MFG. CO., INC.,) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Reconsideration filed by Defendant G.C. Evans & Mfg. Co., Inc. ("Defendant"). Doc. 65. Plaintiff MAK Automation, Inc. ("Plaintiff") filed a Response. Doc. 67. Defendant filed a Reply. Doc. 68. Also before the court is the Motion for Summary Judgment filed by Defendant. Doc. 59. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

## BACKGROUND

By Memorandum Opinion dated January 18, 2008, this court previously held that Plaintiff has met its burden to establish the requisite jurisdictional amount of $75,000 and that, therefore, the court has subject matter jurisdiction. Doc. 54. As such, the court denied Defendant's Motion to Dismiss based on an absence of subject matter jurisdiction. Doc. 38. In the pending Motion for Reconsideration, filed on February 25, 2008, Defendant asks the court to reconsider this ruling.

Plaintiff seeks a sales commission in the amount of $38,000 for a sale of equipment manufactured by Defendant to Whitlock Packaging Company ("Whitlock") for its Warton, New Jersey, facility. Defendant acknowledges that this sale took place and that if Plaintiff were entitled

to a commission for this sale that it would be $38,000.[1] Defendant does not dispute that this $38,000 should be included in the calculation of the jurisdictional amount for purposes subject matter jurisdiction. Additionally, Plaintiff seeks attorneys' fees and additional commissions based on Mo. Rev. Stat. §§407.911-407.915 which provide for statutory attorneys' fees and future commissions where a plaintiff is seeking unpaid commissions. Plaintiff provided an affidavit from its attorney stating that as of November 19, 2007, the date the affidavit was signed, Plaintiff had incurred $55,938 in attorneys' fees resulting from its dispute over commissions with Defendant and that it will incur further attorneys' fees in the future as this litigation proceeds. Plaintiff contends, and the court previously ruled, that $55,938 in attorneys' fees should be included in the calculation of the jurisdictional amount. Defendant contends in the Motion for Reconsideration that only those attorneys' fees incurred as of the date of filing of the Complaint, October 27, 2006, are properly included.

Plaintiff also contends that future commissions due pursuant to Mo. Rev. Stat. § §407.911-407.915 accrued in the amount of $8,310.06 a month; that commissions which accrued as of November 2007 should be included in the calculation of the jurisdictional amount; and that this sum is $96,845. Defendant contends that the maximum amount of future commissions which can be included in this calculation is $8,319.06 a month for three months which represents future commissions accrued as of the date of filing. The court found it unnecessary to address the issue of commissions in its prior Memorandum Opinion.

Plaintiff contends that Defendant's Motion for Reconsideration is untimely under the Federal

---

[1] Defendant denies that Plaintiff is owed a commission on the sale to Whitlock for its Warton, New Jersey, facility.

Rules of Civil Procedure, Rules 59(e)[2] and 60(b),[3] and that it does not allege one of the enumerated circumstances for such a motion under Rule 60(b).

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a

---

[2] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."

[3] Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillard's, 494 F.3d 694, 709(8th Cir. 2007).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**APPLICABLE LAW and DISCUSSION OF SUBJECT MATTER JURISDICTION**

28 U.S.C. § 1332(a) provides, in relevant part, that where a party invokes federal jurisdiction based on diversity of citizenship, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Subject matter jurisdiction "*cannot be* waived by the parties-or *ignored by the courts-at any stage of the litigation*." Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 624 (8th Cir. 2006) (emphasis added). This court, therefore, has the authority and obligation pursuant to the pending motion to reconsider whether it has subject matter jurisdiction. Further, a district court has broad discretion in ruling on motions to reconsider. Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 833 (8th Cir. 2004). This discretion is codified in Rule 60(b) which provides that the court may grant relief from a judgment or an order as it finds justified.

It is significant that Defendant has not raised a new issue in its Motion for Reconsideration but rather clarifies an issue previously raised. See Capitol Indemnity, 367 F.3d at 833 (citing Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir.1993) ("... nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.")

4

(internal citations omitted; Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998) ("Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence.") (internal citations omitted). Given the court's ongoing obligation to consider whether it has subject matter jurisdiction and given its broad discretion in this regard, the court finds without merit Plaintiff's argument that the pending motion should be denied because it is untimely under Rules 59(e) and 60(b) and because it does not allege one of the enumerated circumstances for such a motion under Rule 60(b). See Sadler, 466 F.3d at 624; Capitol Indemnity, 367 F.3d at 833.

Further, "the party invoking federal jurisdiction," in this case Plaintiff, "has the burden of proving the requisite amount by a preponderance of the evidence." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007) (citing Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005)). "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir.1994) (internal quotations and citations omitted).

Statutory attorney's fees count toward the jurisdictional amount where they are provided for by a contract or by statute. Springstead v. Crawfordsville State Bank, 231 U.S. 541, 541-43 (1913); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992). As stated above, Plaintiff alleges that it is entitled to attorney's fees as provided by Mo. Rev. Stat. § § 407.911-407.915. The issue before the court pursuant to the pending motion is *what* attorney's fees count toward the jurisdictional amount.

There is a circuit-split as to whether attorney's fees used in the calculation of the jurisdictional

amount include those which might be awarded at the termination of the lawsuit or whether they include only those attorney's fees incurred as of the date the lawsuit is filed. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that the court should include estimated attorney's fees likely to be incurred when determining if the jurisdictional amount is met); Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958-59 (7th Cir. 1998),[4] (holding that only those costs, which may include attorney's fees as provided by statute or state law, incurred at the time the complaint was filed should be considered). There is no Eighth Circuit authority directly on point.

The District Court for the Northern District of Iowa in GreatAmerica Leasing Corp. v. Rohr-Tippe Motors Inc., 387 F. Supp.2d 992 (N.D. Iowa 2005), agreed with the Seventh Circuit's decision in Gardynski-Leschuck, 142 F.3d 955. Upon reaching its conclusion the court in GreatAmerica

---

[4] The court in Gardynski-Leschuck, 142 F.3d 955, held:

Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages. Missouri State Life Insurance Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); Sarnoff v. American Home Products Corp., 798 F.2d 1075, 1078 (7th Cir.1986); Suber, 104 F.3d at 585. Things are dicier when a statute calls for an award of fees as part of costs, for then the rule that "interests and costs" do not count toward the jurisdictional minimum would take over. Suber, 104 F.3d at 588 n. 12 (collecting cases). Fee awards under the Magnuson-Moss Act are included in the judgment rather than costs, see 15 U.S.C. § 2310(d)(2), but as Gardynski-Leschuck seeks her remedy under Illinois law it is not clear whether the fees would be counted among the damages or among the costs. But the answer does not matter. According to Gardynski-Leschuck the $28,020 is how much this litigation has cost to date-that is, it represents outlays or accruals after the complaint was filed. *Yet jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant.* St. Paul Mercury Indemnity, 303 U.S. at 289-90, 58 S.Ct. at 590-91; Grinnell Mutual Reinsurance Co. v. Shierk, 121 F.3d 1114, 1116 (7th Cir.1997); In re Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir.1992). ... [P]ost-filing events that increase defendant's outlay cannot create jurisdiction that was lacking at the outset. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 (11th Cir.1994).

142 F.3d at 958 (emphasis added).

6

considered that "[t]he Supreme Court and the Eighth Circuit have both remarked, albeit in slightly different contexts, that jurisdiction should be determined by looking at the case as it was at the time it was filed."[5] Id. at 996 (citing Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court ...."); Colorado Life Co. v. Steele, 95 F.2d 535, 537 (8th Cir.1938) ( "[J]urisdiction is determined by the petition as it was at the time of the removal from the state court."); Core v. Sw. Bell Tel. Co., 847 F.2d 497, 498 (8th Cir.1988) (holding district court did not err when it retained jurisdiction of a case even though the plaintiff amended his petition below jurisdictional amount after removal). Likewise, the court in Gardynski-Leschuck, 142 F.3d at 958, noted that the Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938), that "jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant." The court finds the reasoning of the District Court for the Northern District of Iowa in GreatAmerica and of the Seventh Circuit in Gardynski-Leschuck persuasive. The court finds, therefore, that only those attorneys' fees accrued at the date Plaintiff filed the Complaint in the matter under consideration may be included in the calculation of the jurisdictional amount.

The affidavit of Plaintiff's attorney does not specify what portion of the $55,938 in accrued attorneys' fees was incurred as of the date the Complaint was filed, October 27, 2006. Rather, it includes attorneys' fees as of November 19, 2007. As such, the court finds that Plaintiff has not met

---

[5] Both Gardynski-Leschuck, 142 F.3d 955, and Great America, 387 F. Supp.2d 992, were cases that had been removed to federal court by the defendant. Thus, attorney's fees were determined at the time the matters were filed in state court. The matter under consideration was filed in federal court by Plaintiff. As such, the time of filing is the date the matter was filed in federal court.

its burden to establish the amount of attorneys' fees accrued at the time of filing.[6] See OnePoint Solutions, 486 F.3d at 347.

In its prior decision the court found that it was unnecessary to determine the amount of future commissions which may be included in calculating the jurisdictional amount.[7] As stated above, Defendant contends that, at the very most, $8,310 a month for commissions for a period of no more than three months may be included in the calculation of the jurisdictional amount and that this three month period includes commissions accrued as of the date of filing. Plaintiff contends that $96,845, which represents future commissions of $8,310 a month calculated as of November 2007, should be included in the calculation of the jurisdictional amount. Because the court has found above that Plaintiff has not met its burden to establish the amount of attorneys' fees incurred at the time of filing, the court must determine the amount of future commissions which should be included in the jurisdictional amount.

The court finds that the cases cited by Plaintiff in support of its position regarding commissions are distinguishable from the matter under consideration. For example, in Broglie v. MacKay-Smith, 541 F.2d 453 (4th Cir. 1976), the plaintiff purchased a horse from the defendant and alleged that the horse was congenitally lame and that it would require care the rest of its life; damages in that case continued to accrue until the horse's death but could reasonably be calculated at the time of filing based on the horse's life expectancy. In Lien v. H.E.R.C. Products, Inc., 8 F. Supp.2d 531

---

[6] Under Missouri statute attorneys' fees incurred until this matter is finally determined may be recovered as damages. That amount, however, is distinct from the amount of attorneys' fees incurred as of the date the Complaint was filed.

[7] The parties have had ample opportunity to address the issue of commissions. As such, further briefing of this issue is not necessary as suggested by Defendant in its Reply. Doc. 68.

(E.D. Va. 1998), the court held that past and future commissions under an *installment commission contract* should be included in computing the amount in controversy. In Lien, the plaintiff took the position in a settlement letter that it was owed all commissions that would accrue during a five year period. In Tanner Co. v. Cameron Radio, Inc., 617 F.2d 169 (8th Cir. 1980), the parties' contract provided that the plaintiff was to provide the defendant, a radio station, with services over a five year period over which period the defendant was to pay a monthly fee. The defendant was also to pay the plaintiff by allowing it to use a specific number of spot-announcements during this period. The court included in the amount in controversy the fair market value of the spot-announcements which the defendant refused to let the plaintiff use. Stollings v. Princess Coals, Inc., 297 F. Supp. 604 (D.C.W. Va. 1969), involved an alleged failure to pay retirement benefits to an employee. Upon calculating the amount in controversy the court considered the plaintiff's life expectancy. Thus, the commissions and/or obligations due after the date of filing in Broglie, Lien, Tanner, and Stollings and were finite; they were not speculative. In the instant case Defendant's alleged obligation to pay continuing commissions will terminate only at the time this litigation ends and such a date could not be determined as of the date of filing.

The court finds no cases addressing what commissions should be included where a statute provides for them and where they are not finite. Gardynski-Leschuck and GreatAmerica, however, are instructive. Gardynski-Leschuck holds that "jurisdiction depends on the state of affairs when the case begins" and "post-filing events that increase [a] defendant's [liability] cannot create jurisdiction that was lacking at the outset." 142 F.3d at 958. As noted by the court in Gardynski-Leschuck, 142 F.3d at 958, it would not be "sensible nor consistent with St. Paul Mercury to say that there was no federal jurisdiction on the date the complaint was filed" but that there was jurisdiction sometime prior

9

to final judgment. Additionally, upon considering what interest accrued pursuant to a contract should be included in the jurisdictional amount, the court in GreatAmerica concluded that interest which is speculative cannot be included in the jurisdictional amount; thus, the court included only interest accrued as of the date of filing in the jurisdictional amount. [8] 387 F. Supp.2d at 997 ("In determining the amount in controversy, the court cannot speculate about ... interest that might accrue if the matter were to proceed to trial and the parties were to engage in acrimonious litigation. 'Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction.'") (quoting Gardynski-Leschuck, 142 F.3d at 958).

Based on the reasoning of St. Paul Mercury, Gardynski-Leschuck, and GreatAmerica the court finds that the only commissions which are properly included in the calculation of the jurisdictional amount in the matter under consideration are those which accrued at the time the Complaint was filed.

Plaintiff does not dispute the calculation that monthly commissions due to Plaintiff are $8,310.06 and that approximately three months elapsed between the date the commission for the sale to Whitlock for its New Jersey plant was due and when Plaintiff filed. $24,930.18, therefore, is the maximum amount of commissions which are properly included in the calculation of the jurisdictional amount. As such, the court finds that the amount in controversy in the matter under consideration is no more than $62,930.18, which represents the commission allegedly due Plaintiff from the Whitlock sale plus three months additional commissions. Plaintiff, therefore, has not met its burden

---

[8] The court in GreatAmerica, 387 F. Supp.2d at 995, considered *what* interest accrued as a part of an underlying contractual obligation should be included in the jurisdictional amount. Upon so doing the court applied the same reasoning it applied to attorneys' fees and concluded that only interest accumulated as of the date of filing may be included in the jurisdictional amount. Id. at 997.

to establish the requisite amount of $75,000 established by 28 U.S.C. § 1332(a) by a preponderance of the evidence. See OnePoint Solutions, 486 F.3d at 347. The court further finds that it appears to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount of $75,000 and that this court does not have subject matter jurisdiction. See Larkin, 41 F.3d at 388.

## CONCLUSION

For the reasons articulated above the court finds that this court does not have subject matter jurisdiction. As such, the court further finds that Defendant's Motion for Reconsideration should be granted; that the court's Memorandum of January 18, 2008 should be vacated; and that Defendant's Motion to Dismiss should be granted. The court also finds that Defendant's pending Motion for Summary Judgment should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration filed by Defendant is **GRANTED**; Doc. 65

**IT IS FURTHER ORDERED** that the court's Memorandum Opinion of January 18, 2008 is **VACATED**; Doc. 54

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; Doc. 38

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendant is **DENIED,** as moot. Doc. 59

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave for Extension of Time to File Plaintiff's Response to Defendant's Motion for Summary Judgment and Partial Summary Judgment is **DENIED**, as moot. Doc. 69

                                        /s/ Mary Ann L. Medler
                                        MARY ANN L. MEDLER
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of March, 2008.